

RECEIVED
IN MONROE, LA

FEB 1 4 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 04-30010 |
| VERSUS | JUDGE ROBERT G. JAMES |
| COMETRIC WRIGHT | MAG. JUDGE KAREN L. HAYES |

## RULING ON OBJECTIONS TO PRESENTENCE REPORT

A.   **GOVERNMENT'S OBJECTIONS**

**OBJECTION #1:**

THE GOVERNMENT OBJECTS TO PARAGRAPHS 9, 10, 15, 44, AND 52 OF THE PRESENTENCE REPORT, CONTENDING THAT THE PROBATION OFFICER SHOULD HAVE APPLIED A BASE OFFENSE LEVEL OF 19, INSTEAD OF 10, BECAUSE DEFENDANT'S UNDERLYING OFFENSE CONSTITUTED AN AGGRAVATED ASSAULT UNDER U.S.S.G. § 2A2.2.

IN SUPPORT OF ITS CONTENTION, THE GOVERNMENT RELIES ON THE TESTIMONY OF ITS TRAUMA EXPERT AND THE EMERGENCY ROOM PERSONNEL WHO TREATED THE VICTIM.  BOTH TESTIFIED

THAT THE VICTIM SUFFERED A DEEP CUT TO HIS FOREHEAD REQUIRING STITCHES, A CUT TO HIS NOSE REQUIRING ONE STITCH, A NASAL FRACTURE, A CHEEKBONE FRACTURE, AND BRUISING.  THE VICTIM TESTIFIED THAT HE HAS SUFFERED SEVERE HEADACHES, EYE PAIN, AND MENTAL ANGUISH SINCE THE INCIDENT.

APPLICATION NOTE 1 TO §2A2.2(A) DEFINES AGGRAVATED ASSAULT TO INCLUDE " . . . A FELONIOUS ASSAULT THAT INVOLVED . . . (B) SERIOUS BODILY INJURY.' APPLICATION NOTE 1 THEN REFERS TO THE DEFINITION OF "SERIOUS BODILY INJURY" CONTAINED IN THE GENERAL APPLICATION NOTES, §1B1.1.  SECTION 1B1.1, APPLICATION NOTE 1(L) DEFINES "SERIOUS BODILY INJURY" AS "INJURY INVOLVING EXTREME PHYSICAL PAIN OR THE PROTRACTED IMPAIRMENT OF A FUNCTION OF A BODILY MEMBER, ORGAN, OR MENTAL FACULTY; OR REQUIRING MEDICAL INTERVENTION SUCH AS SURGERY, HOSPITALIZATION, OR PHYSICAL REHABILITATION."

IN CONTRAST, "BODILY INJURY," WHICH WOULD NOT SUPPORT A BASE OFFENSE LEVEL FOR AGGRAVATED ASSAULT, IS DEFINED AS "ANY SIGNIFICANT INJURY, E.G., AN INJURY THAT IS PAINFUL AND OBVIOUS, OR IS OF A TYPE FOR WHICH MEDICAL ATTENTION

2

ORDINARILY WOULD BE SOUGHT." U.S.S.G. § 1B1.1, APPLICATION NOTE 1(B).

AS NOTED BY DEFENSE COUNSEL, DEFENDANT WAS NOT CHARGED OR CONVICTED OF AGGRAVATED ASSAULT. THE COURT FIRST CONSIDERED THE QUESTION THAT WAS POSED TO THE JURY IN THIS CASE--WHETHER DEFENDANT INFLICTED "BODILY INJURY" ON THE VICTIM. "BODILY INJURY" WAS DEFINED IN THE JURY INSTRUCTIONS TO INCLUDE "(A) A CUT, ABRASION, BRUISE, FRACTURE, OR DISFIGUREMENT; OR (B) PHYSICAL PAIN; OR (C) ANY OTHER INJURY TO THE BODY." THEREFORE, THE FACT THAT THE JURY FOUND THE VICTIM RECEIVED A BODILY INJURY DOES NOT NECESSARILY ENTAIL A SENTENCING DETERMINATION BY THIS COURT THAT IT WAS A "SERIOUS BODILY INJURY" SUFFICIENT TO CONSTITUTE AN AGGRAVATED ASSAULT.

THE COURT THEN TURNED TO FIFTH CIRCUIT PRECEDENT FOR GUIDANCE. IN *UNITED STATES V. PRICE,* 149 F.3D 352, 354 (5TH CIR. 1998), THE FIFTH CIRCUIT STATED THAT THE DEFINITION OF SERIOUS BODILY INJURY "PLAINLY ENCOMPASSES **SEVERE** BUT TEMPORARY OR TREATABLE INJURIES."

IN *UNITED STATES V. MOORE*, 997 F.2D 30 (5TH CIR. 1993), THE FIFTH CIRCUIT WAS ASKED TO REVIEW A DISTRICT COURT'S DETERMINATION THAT A POLICE OFFICER'S  GUNSHOT WOUND WAS A "SERIOUS  BODILY  INJURY."   THE  MOORE  COURT  STATED  AS FOLLOWS:

> OFFICER OLLIE RECEIVED A GUN SHOT WOUND IN WHICH THE BULLET WENT THROUGH HIS LEG. AS REPORTED IN THE PSR, OFFICER OLLIE SAID THAT THE WOUND WAS EXTREMELY PAINFUL AND THAT HIS LEG STILL ACHES ON OCCASION. HE WAS TREATED DURING A TWO-HOUR EMERGENCY ROOM VISIT AND RELEASED. NO SURGERY OR HOSPITALIZATION WAS REQUIRED. OLLIE WAS OUT OF WORK FOR TWO WEEKS AND ON LIGHT DUTY FOR TWO TO THREE MONTHS AS A RESULT OF THE INJURY. ALTHOUGH A LOWER DEPARTURE **MAY ARGUABLY HAVE BEEN MORE APPROPRIATE**, THE SEVERITY OF OFFICER OLLIE'S INJURY IS A FACT INQUIRY. THE DISTRICT COURT'S FINDING THAT OFFICER OLLIE SUFFERED A SERIOUS BODILY INJURY . . . WAS NOT AN ABUSE OF DISCRETION.

(EMPHASIS ADDED).

ALTHOUGH A CLOSE CALL, CONSIDERING THE FACTS ADDUCED AT TRIAL IN THIS MATTER, THE COURT FINDS THAT THE INJURIES SUFFERED BY THE VICTIM ARE INSUFFICIENT TO CONSTITUTE THE SERIOUS BODILY INJURY NECESSARY FOR APPLICATION OF THE BASE OFFENSE LEVEL FOR AN AGGRAVATED ASSAULT.  ALTHOUGH THE

COURT FEELS SYMPATHY FOR THE PAIN SUFFERED BY THE VICTIM, THE EVIDENCE DOES NOT SUGGEST THAT HE SUFFERED "EXTREME PHYSICAL PAIN."   AT THE TIME OF THE VICTIM'S ORIGINAL DISCHARGE, HE WAS TOLD TO TAKE TYLENOL OR MOTRIN FOR PAIN. FURTHER, HE HAS NOT SUFFERED ANY PROTRACTED INJURIES. WHILE HE DID RECEIVE MEDICAL ATTENTION FOR HIS INJURIES, THE DEFINITION OF "BODILY INJURY," SPECIFICALLY ENCOMPASSES THOSE INJURIES "FOR WHICH MEDICAL ATTENTION ORDINARILY WOULD BE SOUGHT." FINALLY, THE COURT NOTES THAT THE VICTIM HAS GIVEN HIS SUBJECTIVE EVALUATION OF THE CONTINUING EFFECTS OF HIS INJURIES, BUT THERE IS NO OBJECTIVE MEDICAL EVIDENCE TO SUPPORT HIS COMPLAINTS.

FOR THESE REASONS, THE GOVERNMENT' S OBJECTION #1 IS DENIED.

**OBJECTION #2:**

THE GOVERNMENT OBJECTS THAT DEFENDANT SHOULD NOT BE AWARDED A TWO-POINT ENHANCEMENT UNDER U.S.S.G. § 3B1.3 FOR HIS ROLE IN THE OFFENSE. THE PRESENTENCE REPORT HAS BEEN REVISED TO REFLECT ONLY THE 6-LEVEL ENHANCEMENT FOR

ACTING UNDER COLOR OF LAW.  FOR THIS REASON, THE REPORT HAS BEEN AMENDED, CONSISTENT WITH APPLICATION NOTE 5 TO § 2H1.1, TO REMOVE THE 2-LEVEL ENHANCEMENT FOR ABUSE OF A POSITION OF TRUST.

THE GOVERNMENT' S OBJECTION #2 IS MOOT.

**OBJECTION #3:**

THE GOVERNMENT OBJECTS THAT DEFENDANT SHOULD HAVE RECEIVED A TWO-POINT ENHANCEMENT UNDER U.S.S.G. § 3C1.1 BECAUSE HE WILLFULLY AND INTENTIONALLY ATTEMPTED TO OBSTRUCT AND IMPEDE THE ADMINISTRATION OF JUSTICE BY FILING FALSE REPORTS AND TRYING TO INFLUENCE THE TESTIMONY OF OFFICER AUBREY LUNDY.

UNDER § 3C1.1, A DEFENDANT'S  OFFENSE LEVEL MAY BE INCREASED BY 2 LEVELS IF THE DEFENDANT DID OR ATTEMPTED TO OBSTRUCT OR IMPEDE THE ADMINISTRATION OF JUSTICE DURING THE COURSE OF THE INVESTIGATION, PROSECUTION, OR SENTENCING AND THAT HIS OBSTRUCTION RELATED TO HIS OFFENSE OF CONVICTION.

IN THIS INSTANCE, THE EVIDENCE SHOWS THAT, WHILE FILLING OUT REPORTS RELATED TO THIS INCIDENT, DEFENDANT WAS

6

OVERHEARD MAKING A STATEMENT THAT THE VICTIM SLIPPED OUT OF HIS HANDS AND FELL AND HIS EXPLANATION "WOULD STICK." DEFENDANT THEN FILLED OUT A FALSE USE OF FORCE REPORT CLAIMING THAT THE VICTIM TRIED TO ASSAULT HIM AND OMITTING HIS OWN ASSAULT OF THE VICTIM.   DEFENDANT ALSO FILLED OUT A FALSE INCIDENT REPORT CLAIMING THAT THE VICTIM WAS INJURED WHEN HE TRIED TO PULL AWAY FROM DEFENDANT, LOST HIS BALANCE, AND HIT HIS HEAD ON THE WALL.   FINALLY, DEFENDANT ALLEGEDLY SAID "I KNOW MY BOY'S  GOT MY BACK" WHEN OFFICER LUNDY WALKED PAST HIM ON THE DAY FOLLOWING THE ASSAULT.   OFFICER LUNDY BELIEVED DEFENDANT TO MEAN THAT HE EXPECTED LUNDY TO LIE ABOUT THE ASSAULT.

PURSUANT TO U.S.S.G. § 3C1.1, APPLICATION NOTE 3, OBSTRUCTIVE CONDUCT CAN VARY WIDELY IN NATURE, DEGREE OF PLANNING, AND SERIOUSNESS. APPLICATION NOTE 4 SETS FORTH EXAMPLES OF THE TYPES OF CONDUCT TO WHICH THIS ADJUSTMENT IS INTENDED TO APPLY.

TWO OF THE EXAMPLES SET FORTH IN APPLICATION NOTE 4 MIGHT APPLY TO THIS SITUATION:

7

(1)   EXAMPLE   A:   THREATENING,   INTIMIDATING, OR OTHERWISE   UNLAWFULLY   INFLUENCING   A   CO-DEFENDANT,   WITNESS,   OR   JUROR,   DIRECTLY   OR INDIRECTLY, OR ATTEMPTING TO DO SO; AND

(2)   EXAMPLE   G:   PROVIDING   A   MATERIALLY FALSE STATEMENT   TO A LAW ENFORCEMENT OFFICER THAT SIGNIFICANTLY OBSTRUCTED OR IMPEDED THE OFFICIAL INVESTIGATION   OR   PROSECUTION   OF   THE   INSTANT OFFENSE.

WITH   REGARD   TO   EXAMPLE   A,   THE   COURT   FINDS   THAT DEFENDANT'S   STATEMENT   TO   OFFICER   LUNDY   DOES   NOT CONSTITUTE A THREAT, INTIMIDATION, OR UNLAWFUL INFLUENCE. THE EVIDENCE SHOWS THAT DEFENDANT MADE THIS STATEMENT AS OFFICER LUNDY WALKED PAST, BUT THERE IS NO EVIDENCE THAT HE THREATENED   OFFICER   LUNDY,   THAT   OFFICER   LUNDY   WAS INTIMIDATED, OR THAT DEFENDANT TOOK ANY OTHER ACTION TO INFLUENCE   HIM.     AS   NOTED   BY   THE   PROBATION   OFFICER, "DEFENDANT   MADE   A   VERBAL   ASSUMPTION   THAT   PROVED INCORRECT."

WITH REGARD TO EXAMPLE G, THE COURT IS NOT PERSUADED THAT DEFENDANT'S CONDUCT SIGNIFICANTLY OBSTRUCTED OR IMPEDED THE OFFICIAL INVESTIGATION OR PROSECUTION OF THE INSTANT OFFENSE. THERE IS NO DOUBT THAT DEFENDANT MADE MATERIALLY FALSE STATEMENTS ON HIS USE OF FORCE AND INCIDENTS REPORTS. HOWEVER, THE CHRONOLOGY OF THE EVENTS IN THIS CASE SHOWS THAT THE OFFICIAL INVESTIGATION WENT FORTH QUICKLY WITHOUT IMPEDIMENT OR OBSTRUCTION.

AS NOTED BY THE PROBATION OFFICER, THE OFFENSE OCCURRED ON NOVEMBER 20, 2003, AND THAT SAME DAY MOST OF THE WITNESSES WERE INTERVIEWED BY LOCAL AUTHORITIES AND DEFENDANT WAS ARRESTED. ON DECEMBER 16, 2003, FEDERAL AUTHORITIES ALSO INTERVIEWED THE WITNESSES. APPROXIMATELY ONE MONTH LATER, ON JANUARY 28, 2004, THE CASE WAS PRESENTED TO A FEDERAL GRAND JURY, AND AN INDICTMENT WAS OBTAINED.

FOR THESE REASONS, THE GOVERNMENT' S OBJECTION #3 IS DENIED. HOWEVER, IN ACCORDANCE WITH APPLICATION NOTE 3 TO § 3C1.1, THE COURT HAS CONSIDERED DEFENDANT'S CONDUCT IN

9

DETERMINING THE APPROPRIATE SENTENCE FOR HIM.

**B.     DEFENDANT'S OBJECTIONS**

**OBJECTION #1:**

DEFENDANT OBJECTS TO THE FACTS CONTAINED IN PARAGRAPHS 4-10 OF THE PRESENTENCE REPORT BECAUSE THE CROSS-EXAMINATION OF THE WITNESSES CLEARLY INDICATED THAT THE VICTIM, JUAN ALMARAZ, WAS A MAJOR DISTURBANCE AT THE FACILITY AND FURTHER RESISTED ALL EFFORTS TO RESTRAIN HIM.

HAVING HEARD THE ARGUMENTS OF COUNSEL AND BASED ON THE COURT'S  RECOLLECTION OF THE TRIAL TESTIMONY, THE COURT FINDS THAT THE STATEMENTS IN PARAGRAPHS 4-10 OF THE PRESENTENCE REPORT ACCURATELY REFLECT THE EVENTS LEADING UP TO THE ASSAULT.  IN PARTICULAR, THE PRESENTENCE REPORT DOES REFLECT THAT THE VICTIM WAS CURSING AT THE ONE OF THE CORRECTION OFFICERS PRIOR TO THE ASSAULT.

THE COURT FINDS THAT NO REVISION TO THE PRESENTENCE REPORT IS WARRANTED.  DEFENDANT'S OBJECTION #1 IS DENIED.

**OBJECTION #2:**

DEFENDANT OBJECTS TO PARAGRAPH 13 OF THE PRESENTENCE

REPORT BECAUSE IT CONTAINS NO RECITATION OF WHAT VERSION OF THE GUIDELINES MIGHT HAVE BEEN MORE BENEFICIAL TO THE DISPOSITION OF HIS CASE.

PURSUANT TO U.S.S.G. § 1B1.11(a)(b), THE COURT SHALL USE THE GUIDELINES MANUAL IN EFFECT ON THE DATE THE DEFENDANT IS SENTENCED. IF THE COURT DETERMINES THAT USE OF THE MANUAL IN EFFECT WOULD VIOLATE THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION, THE COURT SHALL USE THE GUIDELINES MANUAL IN EFFECT ON THE DATE THAT THE OFFENSE OF CONVICTION WAS COMMITTED.

DEFENDANT IS BEING SENTENCED AFTER THE PUBLICATION OF THE 2004 GUIDELINES. WHILE THE PRESENTENCE REPORT WAS ORIGINALLY WRITTEN USING THE 2003 GUIDELINES, THE COURT, IN CONSULTATION WITH THE PROBATION OFFICE, HAS REVIEWED THE 2004 GUIDELINES, AND NO REVISION TO THE PRESENTENCE REPORT IS WARRANTED.

ACCORDINGLY, DEFENDANT'S OBJECTION #2 IS DENIED.

**OBJECTION #3:**

DEFENDANT OBJECTS TO PARAGRAPH 15 OF THE PRESENTENCE

11

REPORT BECAUSE HE WAS ASSESSED 10 LEVELS FOR AN OFFENSE THAT "INVOLV ED THE USE OF THREAT OR FORCE AGAINST A PERSON" WHEN HE SHOULD HAVE BEEN ASSESSED 6 LEVELS UNDER SECTION 2H1.1(a)(4).

PURSUANT TO U.S.S.G. § 2H1.1(a), THE APPLICABLE GUIDELINE WHICH RESULTS IN THE GREATEST BASE OFFENSE LEVEL IS TO BE UTILIZED.   BECAUSE THE OFFENSE OF CONVICTION INVOLVED DEFENDANT'S  USE OF FORCE AGAINST THE VICTIM, NO REVISION TO THE PRESENTENCE REPORT IS WARRANTED.

DEFENDANT'S OBJECTION #3 IS DENIED.

**OBJECTION #4:**

DEFENDANT OBJECTS TO PARAGRAPH 16 OF THE PRESENTENCE REPORT BECAUSE HE WAS ASSESSED A 6-LEVEL INCREASE FOR ACTING UNDER COLOR OF LAW WHEN THIS WAS AN ELEMENT OF THE OFFENSE OF CONVICTION AND THUS WOULD BE "DOUBLE COUNTING."   DEFENDANT FURTHER OBJECTS THAT HE WAS IMPROPERLY ASSESSED AN ENHANCEMENT FOR ABUSE OF A POSITION OF TRUST.

AS NOTED ABOVE, THE SECOND PART OF DEFENDANT'S

OBJECTION IS MOOT UNDER THE MOST RECENT VERSION OF THE
PRESENTENCE REPORT.

HOWEVER, THE COURT MUST ADDRESS THE FIRST PART OF
DEFENDANT' S OBJECTION: THAT THE 6-LEVEL INCREASE FOR ACTING
UNDER COLOR OF LAW IS "DOUBLE COUNTING."

PURSUANT TO U.S.S.G. § 2H1.1(b)(1), THE BASE OFFENSE LEVEL
FOR A CIVIL RIGHTS OFFENSE SHOULD BE INCREASED BY 6 LEVELS IF
THE DEFENDANT WAS A PUBLIC OFFICIAL AT THE TIME OF THE
OFFENSE OR THE OFFENSE WAS COMMITTED UNDER COLOR OF LAW.
THE PRESENTENCE REPORT APPLIED THE § 2H1.1(b)(1) ENHANCEMENT
ON THE BASIS THAT THE JURY FOUND DEFENDANT WAS ACTING
UNDER COLOR OF LAW WHEN HE ASSAULTED THE VICTIM.

AS THE FIFTH CIRCUIT HAS EXPLAINED,

> THE SENTENCING GUIDELINES DO NOT PROHIBIT ALL
> DOUBLE COUNTING. *UNITED STATES V. GODFREY*, 25 F.3D
> 263, 264 (5TH CIR.), CERT. DENIED, 513 U.S. 965, 115 S.CT.
> 429, 130 L.ED.2D 342 (1994). "DOUBLE COUNTING IS
> PROHIBITED ONLY IF THE PARTICULAR GUIDELINES AT
> ISSUE FORBID IT. *ID*.

*UNITED STATES V. BOX,* 50 F.3D 345, 349 (5TH CIR. 1995).  LIKE THE
COURT IN *BOX*, "EVEN  ASSUMING ARGUENDO THAT THERE WAS

DOUBLE COUNTING, [THIS COURT HAS] FOUND NO EXPRESS LANGUAGE IN THE GUIDELINES PROHIBITING THIS ENHANCEMENT." *ID*.

FURTHER, WHILE THE FIFTH CIRCUIT HAS NOT SPECIFICALLY ADDRESSED THIS ISSUE, IT HAS REVIEWED ONE DISTRICT COURT' S SENTENCE IN WHICH THE ENHANCEMENT WAS APPLIED. IN *UNITED STATES V. LUCAS*, 157 F.3D 998, (5TH CIR. 1998), THE ACTING WARDEN OF A COUNTY JAIL WAS SENTENCED FOR THREE VIOLATIONS OF 18 U.S.C. § 242, AND THE DISTRICT COURT APPLIED THE 6-LEVEL ENHANCEMENT UNDER SECTION 2H1.1(b)(1)(B) FOR ACTING UNDER COLOR OF LAW.

APPLYING THE GENERAL INSTRUCTIONS FROM THE FIFTH CIRCUIT ON DOUBLE COUNTING, THE COURT FINDS THAT DEFENDANT WAS APPROPRIATELY ENHANCED 6 LEVELS FOR ACTING UNDER COLOR OF LAW. ACCORDINGLY, DEFENDANT'S OBJECTION #4 IS DENIED.

**OBJECTION #5:**

DEFENDANT OBJECTS TO THE 2-LEVEL INCREASE IN PARAGRAPH 17 OF THE PRESENTENCE REPORT CONTENDING THAT THE VICTIM

14

WAS NOT PHYSICALLY RESTRAINED DURING THE COURSE OF THE OFFENSE.

THE COURT FINDS THAT DEFENDANT WAS APPROPRIATELY ASSIGNED A 2-LEVEL INCREASE IN PARAGRAPH 17 OF THE PRESENTENCE REPORT BECAUSE THE VICTIM WAS HANDCUFFED AND SUFFERING THE EFFECTS OF PEPPER SPRAY DURING AT LEAST THE SECOND OF THE TWO ASSAULTS.   THEREFORE, DEFENDANT'S OBJECTION #5 IS DENIED.

**OBJECTION #6:**

DEFENDANT OBJECTS TO PARAGRAPH 18 OF THE PRESENTENCE REPORT BECAUSE HE IMPROPERLY RECEIVED BOTH A 2-LEVEL ENHANCEMENT FOR ABUSE OF A POSITION OF TRUST AND A 6-LEVEL ENHANCEMENT UNDER SECTION 2H1.1(b).

AS DISCUSSED ABOVE, THIS OBJECTION IS NOW MOOT.

**OBJECTION #7:**

DEFENDANT'S   LAST   THREE   "OBJECTIONS"   ARE   ACTUALLY MOTIONS FOR DOWNWARD DEPARTURE ON VARIOUS GROUNDS.  THE COURT WOULD FIRST NOTE THAT IN UNITED STATES V. BOOKER, THE SUPREME COURT HAS DECLARED THE GUIDELINES TO BE ADVISORY,

NOT MANDATORY. THEREFORE, THE COURT MAY DEVIATE FROM THOSE GUIDELINES IN ITS DISCRETION IF, IN SO DOING, IT RENDERS A REASONABLE DECISION THAT ADDRESSES THE REAL CONDUCT OF DEFENDANT AND IN LIGHT OF THE CONSIDERATIONS PRESENT IN 18 U.S.C. § 3553(a). NEVERTHELESS, THE COURT ALSO FINDS THAT THE GROUNDS FOR DOWNWARD DEPARTURE SET FORTH IN THE GUIDELINES ARE APPROPRIATE FOR THE COURT'S OVERALL CONSIDERATION OF THE APPROPRIATE SENTENCE.

IN HIS OBJECTION #7, DEFENDANT CONTENDS THAT HE IS ENTITLED TO A DOWNWARD DEPARTURE UNDER § 5K2.10 ON THE BASIS THAT THE VICTIM'S WRONGFUL CONDUCT CONTRIBUTED SIGNIFICANTLY TO PROVOKING THE OFFENSE BEHAVIOR.

THE COURT FINDS THAT DEFENDANT'S CONTENTION IS NOT SUPPORTED BY THE TRIAL TESTIMONY. ALTHOUGH THE VICTIM WAS NOT FULLY COOPERATIVE WITH CORRECTIONAL OFFICERS AND WAS CURSING PRIOR TO HIS ASSAULT, HIS ACTIONS DO NOT JUSTIFY DEFENDANT'S USE OF FORCE IN RESPONSE. THE VICTIM'S ACTIONS CERTAINLY DO NOT STATE A VALID BASIS FOR DEVIATION FROM THE GUIDELINES.

16

DEFENDANT'S OBJECTION #7 IS DENIED.

**OBJECTION #8:**

DEFENDANT CONTENDS THAT HE IS ENTITLED TO A DOWNWARD DEVIATION UNDER § 5K2.20 FOR ABERRANT BEHAVIOR.

U.S.S.G. §5K2.20 PROVIDES THAT A SENTENCE BELOW THE APPLICABLE GUIDELINE RANGE MAY BE WARRANTED IN AN EXTRAORDINARY CASE IF THE DEFENDANT'S CRIMINAL CONDUCT CONSTITUTED ABERRANT BEHAVIOR.  "ABERRANT BEHAVIOR" IS DEFINED AS A SINGLE CRIMINAL OCCURRENCE OR SINGLE CRIMINAL TRANSACTION THAT WAS COMMITTED WITHOUT SIGNIFICANT PLANNING, WAS OF LIMITED DURATION, AND REPRESENTS A MARKED DEVIATION BY THE DEFENDANT FROM AN OTHERWISE LAW-ABIDING LIFE.  IN DETERMINING WHETHER TO DEPART ON THE BASIS OF ABERRANT BEHAVIOR, THE COURT MAY CONSIDER THE DEFENDANT'S MENTAL AND EMOTIONAL CONDITIONS; EMPLOYMENT RECORD; RECORD OF PRIOR GOOD WORKS; MOTIVATION FOR COMMITTING THE OFFENSE; AND EFFORTS TO MITIGATE THE EFFECTS OF THE OFFENSE.

IN THIS CASE, THE COURT FINDS A DEVIATION FROM THE

17

GUIDELINES IS NOT WARRANTED ON THE BASIS OF DEFENDANT'S ALLEGED ABERRANT BEHAVIOR. DEFENDANT APPEARS TO MEET THE BASIC REQUIREMENTS BECAUSE THIS WAS A SINGLE CRIMINAL OCCURRENCE COMMITTED WITHOUT SIGNIFICANT PLANNING, WAS OF LIMITED DURATION, AND REPRESENTS A MARKED DEVIATION BY THE DEFENDANT FROM AN OTHERWISE LAW-ABIDING LIFE. HOWEVER, THE COURT IS NOT PERSUADED THAT A DEVIATION IS WARRANTED WHEN DEFENDANT NOT ONLY FAILED TO MITIGATE THE EFFECTS OF THE FIRST ASSAULT, BUT, IN FACT, AGAIN ASSAULTED THE VICTIM WHILE HE WAS HANDCUFFED AND AFTER HE HAD SUBJECTED TO PEPPER SPRAY. UNDER SUCH CIRCUMSTANCES, THE COURT WILL NOT DEVIATE FROM THE GUIDELINE SENTENCE.

DEFENDANT'S OBJECTION #8 IS DENIED.

**OBJECTION #9:**

DEFENDANT CONTENDS THAT HE IS ELIGIBLE FOR A DEPARTURE UNDER THE POLICY STATEMENT CONTAINED IN §5K2.0 BECAUSE OF HIS EXCEPTIONAL SUSCEPTIBILITY TO ABUSE IN PRISON GIVEN HIS PRIOR EMPLOYMENT AS A PRISON GUARD.

THE SUPREME COURT HAS RECOGNIZED THAT SUSCEPTIBILITY

18

TO ABUSE IN PRISON IS A POTENTIAL GROUND FOR DEPARTURE UNDER SECTION 5K2.0. *SEE* KOON V. UNITED STATES, 518 U.S. 81, 111-12 (1996).   IN *KOON*, THE SUPREME COURT UPHELD A DISCRETIONARY DOWNWARD DEPARTURE FOR THE POLICE OFFICERS WHO PARTICIPATED IN THE HIGHLY PUBLICIZED BEATING OF RODNEY KING, BASED ON THE ASSERTION THAT THE OFFICERS WERE MORE LIKELY TO BE TARGETS OF ABUSE IN PRISON. *ID*. AT 112.

HOWEVER, *KOON* DOES NOT APPLY HERE BECAUSE DEFENDANT HAS NOT PRESENTED ANY EXTENUATING CIRCUMSTANCES LIKE THOSE PRESENTED IN *KOON*, BEYOND THE MERE FACT THAT HE WAS A PRISON GUARD WHO ASSAULTED AN INS DETAINEE.

DEFENDANT'S OBJECTION #9 IS DENIED.

MONROE, LOUISIANA, THIS 14TH DAY OF FEBRUARY, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

19